UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| I.D. TECHNOLOGY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-2646-B |
| | § | |
| PAUL LEIBINGER NUMBERING, | § | |
| MACHINE LIMITED PARTNERSHIP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff I.D. Technology, LLC's Motion to Remand (doc. 5). Defendant Paul Leibinger Numbering Machine Limited Partnership has responded and Plaintiff has replied, making this motion ripe for decision.

## I.

## BACKGROUND[1]

This motion to remand centers on the Plaintiff's allegedly incorrect naming of the Defendant and its effect on the timeliness of the Defendant's removal. Plaintiff I.D. Technology ("ID") brought this suit in Texas state court to enforce a confidentiality and non-solicitation agreement with Defendant Paul Leibinger Numbering Machine Limited Partnership, who at that time of suit Plaintiff named "Leibinger USA." Before filing suit, the parties exchanged communication regarding the dispute. ID asserts that the agreement at issue named "Leibinger USA" as the party to be bound by

---

[1] The Court takes its factual account from the uncontested facts contained in the pleadings, motion to remand, and response. Any contested fact is identified as the allegation of a particular party.

the agreement. Pl. App. Ex. 1. Further, ID asserts that the demand letter sent before the suit was filed was directed to "Leibinger USA," to which attorney Michael Starr, corporate counsel for Defendant,  responded: "[t]his firm represents Leibinger USA in connection with the matters addressed in your letter. Please direct all future communications to me." Pl. App. Ex. 2. Based on this information, ID filed suit in the 153rd Judicial District Court of Tarrant County, Texas against "Leibinger USA" and, since Defendant is a foreign entity without a registered agent for service in Texas, ID served the Texas Secretary of State according to the Texas Rules of Civil Procedure.

Defendant received this original petition naming "Leibinger USA" as defendant on June 25, 2012. On July 5, 2012, litigation counsel for defendant, Celeste Yeager, informed Plaintiff that it had sued the wrong party and that Paul Leibinger Numbering Machine Limited Partnership was the proper party. ID then filed an amended petition naming Paul Leibinger Numbering Machine Limited Partnership as defendant and defense counsel Yeager accepted service of the amended petition on July 6, 2012. Defendant filed its notice of removal on August 3, 2012, basing removal on diversity jurisdiction and Plaintiff filed its motion to remand on August 20, 2012.

## II.

## DISCUSSION

When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).The removing party has the burden of proof on a motion to remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The court looks to the

complaint and summary judgment-type evidence, as necessary, when deciding a motion to remand. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (looking to "summary judgment-type" evidence to ascertain amount in controversy on motion to remand).

According to 28 U.S.C. 1446(b), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." If there is a procedural defect in the removal procedure, such as a notice of removal that is untimely filed, the court must grant a timely motion to remand. *Thompson v. Louisville Ladder Corp.*, 835 F. Supp. 336, 340 (E.D. Tex. 1993).

The issue before the Court is when the clock began to run on the Defendant's thirty-day removal window. If service of the original petition on the misnamed defendant "Leibinger USA" satisfied Section 1446(b), the Defendant's notice of removal was filed more than thirty days after receiving service and was therefore untimely, mandating remand. If, on the other hand, service was not accomplished until the amended petition properly naming Paul Leibinger Numbering Machine Limited Partnership was served on July 6, 2012, the removal was timely and the motion to remand should be denied.

The thirty-day period for removal begins when the defendant actually receives service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Thus, when the state court acquired jurisdiction over Defendant, the thirty day period began to run. *See id.* Texas law addresses incorrectly named parties by considering the mistake as falling into one of two categories: misnomers and misidentifications. A misnomer occurs when a "party misnames itself or another party but the correct parties are involved. When the correct party sues or is sued under the incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or

placed at a disadvantage by the error." *Reddy P'ship v. Harris Cnty Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012) (citations and quotations omitted). A misidentification occurs when "two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Id.*

ID argues that Defendant was misnamed and that service on "Leibinger USA" sufficed to bring Defendant under the state court's jurisdiction; therefore, Defendant's removal was beyond the thirty-day limit in Section 1446(b) and remand is required. In support, ID offers the agreement that forms the basis of the underlying dispute as naming "Leibinger USA." Pl. Ex. 1. ID also offers the Defendant's corporate counsel's response to Plaintiff's demand letter in which counsel wrote "[t]his firm represents Leibinger USA in connection with the matters addressed in your letter. Please direct all future communications to me." Pl. App. Ex. 2. ID also submits that the original petition was mailed to the same address as the demand letter. Further, ID notes that the Defendant does not allege that anyone was misled or that the Defendant was placed at a disadvantage by the misnomer.

Defendant responds that removal was proper and timely because it would not have been possible for Defendant to remove the case before it was properly served under the Paul Leibinger Numbering Machine name. Defendant also argues that it should not be punished for being cooperative and that Defendant could have sought dismissal of the first action as naming the wrong party instead of agreeing to the amended petition.

The Court finds, based upon the statement by Defendant's corporate counsel that he represented "Leibinger USA" and the lack of evidence that anyone was misled or disadvantaged, that Defendant was misnamed, as defined by Texas law. Therefore, Defendant was under the state court's jurisdiction once "Leibinger USA" was served. *See Reddy P'ship*, 370 S.W.3d at 376. Thus, the thirty

day removal period under Section 1446(b) began when "Leibinger USA" was served; the incorrect name was only a misnomer.[2]

Since Defendant was served with the original petition on June 25, 2012, its notice of removal filed on August 3, 2012 was untimely and thus a procedural defect in removal procedure. ID's Motion to Remand, filed August 20, 2012 was timely filed within thirty days of removal. *See* 28 U.S.C. § 1447(c). Accordingly, this action must be, and hereby is, **REMANDED**. *See Thompson*, 835 F. Supp. at 340.

### III.

### CONCLUSION

It is therefore ordered that this action be **REMANDED** to the 153rd Judicial District Court of Tarrant County, Texas according to the normal remand procedure. The Agreed Motion to Stay Discovery and Deadlines (doc. 17) is hereby **DENIED as moot**.

SO ORDERED.

SIGNED: January 8, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] In addressing Defendant's last argument, the Court notes that Defendant is not being punished for being cooperative. While this Court cannot speak for the 153rd Judicial District Court of Tarrant County, Texas, it appears that under Texas law regarding misnomers, any motion to dismiss this suit on the basis of the improperly named defendant would have failed. *See Reddy P'ship*, 370 S.W.3d at 376. The proper party was served and given notice of this suit, just by the wrong name.